## BEN HARRISON *v.* THE STATE.

1. ASSAULTS — PRACTICE.— On trial of an indictment or information for
   aggravated assault a conviction may yet be had for simple assault,
   notwithstanding the Revised Penal Code omits the provision of the
   original Code which expressly authorized such convictions.   Pasch.
   Dig. art. 2152.
2. PRACTICE OF THE COURT OF APPEALS.— On his trial for aggravated
   assault the defendant asked an instruction on simple assault, but
   the court below refused it on the theory that a conviction for simple
   assault could not be had.  It being apparent that the ruling may
   have been prejudicial to the defendant, this court sets aside the con-
   viction notwithstanding no statement of facts appears in the record.

APPEAL from the County Court of De Witt.   Tried be-
low before the Hon. O. S. THRELKELD, County Judge.

All material facts appear in the opinion of the court.

*Stayton, Lackey & Kleburg,* for the appellant.

*Thomas Ball,* Assistant Attorney General, for the State.

WINKLER, J.   In this case three supposed errors are
said to have been committed during the progress of the
trial below, and are properly presented by bills of excep-
tion.  In order that these questions may be the better under-
stood it may not be amiss to say that the appellant was
prosecuted by information in the County Court, charged
with an aggravated assault, and was tried on the plea of
not guilty.   The court in its instructions to the jury con-
fined the charge to an aggravated assault, and ignored the
question of simple assault.   A charge was asked on
simple assault, but the court refused to give it.   After
some controversy, hereafter to be noticed, a verdict was
returned for an aggravated assault, with a fine of twenty-
five dollars; upon which verdict judgment was entered.

The first bill of exceptions recites that the jury brought
into court a verdict convicting the accused of a simple

assault, and imposing a fine of one dollar. The court re-
fused to receive the verdict, and told the jury they must
retire and read the instructions of the court, and sent the
jury out for their consideration. The defendant claimed
that the verdict should be received and recorded, which
was refused by the court and the defendant excepted to
the ruling; and afterwards the jury returned into court
a verdict of guilty of an aggravated assault, to which the
defendant objected, and his objection being overruled by
the court he excepted. Taking the matters set out in this
bill of exceptions in connection with the charge of the
court and the motion for a new trial, it is apparent that
the grounds upon which the court acted when the jury
first returned into court with a verdict for simple assault
was that such a verdict was not warranted by the charge
of the court.

The second bill of exceptions discloses the views of the
judge as to the law of aggravated assault, and accounts in
a measure for his refusal to charge on a simple assault
as requested by the defendant's counsel. The defendant
had moved for a new trial, which motion had been over-
ruled. We here quote from the bill of exceptions show-
ing the opinion of the court as to the law and the grounds
of his action, to wit: "That the legislature in adopting
the Revised Code had evidently intended that there should
be no grade to aggravated assault, by not inserting the
provision of the old law, wherein it was provided that
upon an indictment for aggravated assault the jury may
find the defendant guilty of simple assault, and by reduc-
ing the minimum fine to twenty-five dollars instead of
one hundred." In other words, it seems to have been
the opinion of the court that by the law as it now stands,
one prosecuted for an aggravated assault could not under
such a charge be convicted of a simple assault, and that
it would be error to so charge the jury.

The defendant called in question the correctness of the

proceedings by motion in arrest of judgment. The motion was overruled, and the ruling of the court on this motion is the subject of the third bill of exceptions.

It must be conceded that by the letter of the statute it is not declared in so many words that there are grades or degrees in the offense of aggravated assault, but the practice under statutes quite similar, and in many instances precisely identical with those now in force, treats the subject as matter of evidence, grading the offense and the measure of punishment by the proofs adduced. The Code defines assaults and assaults and batteries, and, without giving any express definition of aggravated assaults, declares in general terms that "an assault or battery becomes aggravated when committed under any of the following circumstances," and following with ten separate circumstances, wherein an assault or battery would, under these provisions, become aggravated. It has likewise been the practice, under the provisions of the statutes formerly in force,— and the rule seems to us to be equally applicable to those now in force,— to indict for an aggravated assault or assault and battery, and regulate both the charge and the punishment by the evidence.

We are of opinion there is no such alteration or modification of the law made by the Revised Statutes as would warrant or require any material change in the practice as it was established and settled prior to the revision. The practice as it was formerly was doubtless well understood by those who took part in the revision, and it is but fair to presume that, if a change was intended by the revision, such intention would have been expressed in some unambiguous language. We are of opinion, therefore, that one indicted or informed against for an aggravated assault can, under the laws now in force, be legally convicted either of the offense charged or of a simple assault or assault and battery, according as the testimony shall warrant. We are further of opinion that in a proper case

the judge should charge on simple assault.  Whether a charge even on aggravated assault should be given, or not, would depend upon the proofs adduced on the trial, and so as to a simple assault.  Inasmuch, therefore, as the judge refused to charge on simple assault in the present case, on what we deem an erroneous construction of the law, we are of opinion there was error in refusing a charge on simple assault, on the grounds upon which the refusal rested.  The propriety of giving or refusing the charge is governed by a different rule entirely.  If the evidence warranted the charge it should have been given, but if not, then the charge should have been refused.

The maximum punishment for a simple assault, or for assault and battery unattended by circumstances of aggravation, is the same as the minimum punishment for an aggravated assault or battery.  Penal Code, arts. 495–498.

We are unable to perceive that any material error, calculated to prejudice the rights of the defendant, was committed by the action of the court in refusing to receive the first verdict offered by the jury.  There being no statement of facts, we cannot say the case required a charge on simple assault.  The charge was confined to an aggravated assault; the verdict was not warranted by the charge of the court, being for simple assault.  We make no ruling on this branch of the case as now before us.  But, from the fact that the defendant was tried under what we deem an erroneous view of the law, and one likely to have injured the defendant, the judgment should be reversed and the case remanded that a trial may be had under what in our opinion is a proper construction of the law. Having taken this view of the case it is not necessary that we discuss any other matters at present arising in the case. The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*